1
2
3
4
5
6       **UNITED STATES DISTRICT COURT**
7              EASTERN DISTRICT OF CALIFORNIA
8
9    JAE JUNE PAK,                          CASE NO. 1:13-cv-00932-AWI-SKO PC

10                    Plaintiff,            ORDER STRIKING COMPLAINT AND
                                           REQUIRING PLAINTIFF TO FILE SIGNED
          v.                               COMPLAINT FORM AND EITHER FILE
11                                         APPLICATION TO PROCEED IN FORMA
     SIX UNKNOWN NAMES AGENTS, et al.,     PAUPERIS OR PAY FILING FEE WITHIN
12                                         THIRTY DAYS
                      Defendants.
13                                         (Doc. 1)

14   _____/

15          On June 19, 2013, Plaintiff filed what was construed as a civil rights complaint.  The

16   complaint is not signed and it sets forth no intelligible claims for relief.  The Court cannot consider

17   unsigned filings  and the complaint shall be stricken from the record for that reason.  Plaintiff has

18   thirty days to file a signed complaint that complies with Federal Rule of Civil Procedure 8(a).[1]

19   Plaintiff must also either file a motion seeking leave to proceed in forma pauperis or pay the $400.00

20   filing fee in full.

21          Accordingly, IT IS HEREBY ORDERED that:

22          1.      Plaintiff's complaint is stricken from the record for lack of signature;

23   _____

24          [1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to
     relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
25   elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S.
     662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,
26   1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted
     inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
27   omitted).  To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible
     claim for relief.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th
28   Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Iqbal*, 556 U.S. at
     678-79, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.

                                              1

2.     The Clerk's Office shall send Plaintiff a *Bivens* complaint form and an application to proceed in forma pauperis;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action; and

4.     **The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:    July 9, 2013                                                    SENIOR  DISTRICT  JUDGE